FILED
2026 Sep-30 PM 03:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KENDRELL MAURICE BELL,** | } | |
| | } | |
| **Petitioner,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:23-cv-8015-MHH** |
| | } | **2:22-cr-141-MHH-GMB-1** |
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Respondent.** | } | |

## MEMORANDUM OPINION AND ORDER

On July 20, 2022, Kendrell Bell pleaded guilty to drug-trafficking charges and possessing a firearm in furtherance of a drug-trafficking crime. (22-cr-141, Docs. 1, 58). Pursuant to his binding plea agreement, this Court sentenced Mr. Bell to 200 months of incarceration. (22-cr-141, Doc. 45, p 2). Mr. Bell has moved this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 and to reduce his sentence pursuant to § 18 U.S.C. 2582(c)(2). (22-cr-141, Docs. 63, 64, 65; 23-cv-8015, Docs. 1, 4, 6). Because the factual background for Mr. Bell's motions are the same, the Court will resolve both motions in this opinion, evaluating each motion under its relevant statutory framework. The Court will enter this opinion in Cases 2:22-cr-00141-MHH-GMB-1 and 2:23-cv-08015-MHH.

To address Mr. Bell's motions, the Court describes the procedural standards that govern each motion. Next, the Court summarizes the factual history of Mr. Bell's criminal proceedings. Finally, the Court describes the relevant legal standards and applies those standards to the record in this case.

I.

"[*P*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *United States v. Baker*, No. 24-11144, 2024 WL 4851218, at *1 (11th Cir. Nov. 21, 2024) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). A district court must "look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Baker*, 2024 WL 4851218 at *1 (quoting *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990)).

Under 28 U.S.C. § 2255, a federal prisoner may challenge the validity of his conviction and sentence based on claims that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

If a defendant's conviction and sentence are valid, then a district court "may not modify [the defendant's] term of imprisonment" unless "extraordinary and compelling reasons warrant such a reduction," a statute or Rule 35 of the Federal Rules of Criminal Procedure "expressly permit[s]" the reduction, or the Sentencing Commission "subsequently . . . lower[s]" the defendants sentencing range. 18 U.S.C. § 3582(c).

II.

On April 27, 2022, a grand jury indicted Mr. Bell for drug-trafficking crimes. (22-cr-141, Doc. 1). Mr. Bell was charged with conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); conspiring to distribute a substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); distributing a substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (22-cr-141, Doc. 1). On July 20, 2022, Mr. Bell entered into a binding plea agreement and pleaded guilty on all counts. (22-cr-141, Doc. 58).

Mr. Bell's plea agreement contained a detailed factual basis of the facts the government was prepared to prove. (22-cr-141, Doc. 32, pp. 4–14). Twice, the

Drug Enforcement Agency "used a confidential informant to purchase four ounces of cocaine from Mr. Bell." (22-cr-141, Doc. 32, pp. 5–8). During the first purchase, on January 7, 2022, law enforcement officers observed the confidential informant buy cocaine from Mr. Bell. (22-cr-141, Doc. 32, p. 6). During the second purchase, the officers observed the confidential informant contact Mr. Bell to buy cocaine, and, pursuant to Mr. Bell's instructions, travel to an address on Cotton Avenue and buy cocaine from one of Mr. Bell's associates. (22-cr-141, Doc. 32, pp. 7–8).

On February 2, 2022, law enforcement officers searched Mr. Bell's home and the Cotton Avenue residence. At the Cotton Avenue residence, officers found clear bags containing a substance that was later confirmed to be methamphetamine and a digital scale with suspected drug residue. (22-cr-141, Doc. 32, pp. 8–9). At Mr. Bell's home, the officers found "27 grams of suspected cocaine," other drugs and paraphernalia, numerous handguns, and "large amounts of U.S. currency." (22-cr-141, Doc. 32, pp. 9–10).

In late April 2022, law enforcement officers observed Mr. Bell while they prepared to arrest him on federal charges. (22-cr-141, Doc. 32, p. 11). During their surveillance, the officers observed that Mr. Bell "appeared to have resumed drug trafficking activities," was using his home to store drug proceeds, and was using a residence on 18th Way SW to store narcotics. (22-cr-141, Doc. 32, p. 11). On April 29, 2022, the officers searched three residences, including Mr. Bell's home and the

18th Way SW residence. (22-cr-141, Doc. 32, p. 11). At Mr. Bell's home, the officers found large amounts of U.S. currency and handguns. (22-cr-141, Doc. 32, p. 12). At the "stash house" on 18th Way SW, the officers found handguns and bags containing suspected heroin, marijuana, and methamphetamine. (22-cr-141, Doc. 32, pp. 12–13). During Mr. Bell's change of plea hearing, he stated under oath that the facts contained in his plea agreement were "substantially correct." (22-cr-141, Doc. 58, p. 16).

By entering into the plea agreement, Mr. Bell waived rights related to a potential appeal and post-conviction relief. His plea agreement provided:

> In consideration of the recommended disposition of this case, I, KENDRELL MAURICE BELL, hereby waive and give up my right to appeal my conviction in this case, as well as any fines, restitution, and/or sentence the court might impose upon me. Further[,] I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute to which I am pleading guilty is unconstitutional or (2) the admitted conduct does not fall within the scope of the statute.
>
> The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:
>
> (a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);
>
> (b) Any sentence imposed in excess of the advisory guideline sentencing range calculated by the court at the time sentence is imposed; and

> (c) Ineffective assistance of counsel.
>
> The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.
>
> I, KENDRELL MAURICE BELL, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

(22-cr-141, Doc. 32, pp. 15–17). Through the agreement, the parties stipulated that Mr. Bell would serve a 200-month term of incarceration. (22-cr-141, Doc. 32, p. 14).

At his change of plea hearing, Mr. Bell testified that he had a 10th grade education; could read, write, and understand English; and did not have physical limitations, mental health concerns, or medications that would affect his ability to understand the Court's questions. (22-cr-141, Doc. 58, p. 3). The Court explained to Mr. Bell what the government would be required to prove at trial to get a conviction against him. (22-cr-141, Doc. 58, pp. 7–9). The Court informed Mr. Bell that, to convict him of possessing a firearm in furtherance of a drug-trafficking crime, the government would need to show that he "committed the drug-trafficking crimes that were charged" and that he "possessed that firearm in furtherance of those

crimes." (22-cr-141, Doc. 32, p. 9).[1] The Court explained that in furtherance "pretty much means that the firearm helped, promoted, or advanced the drug-trafficking crime in some way." (22-cr-141, Doc. 32, p. 9).

Mr. Bell testified that he had had enough time to discuss his charges and plea agreement with his attorney, Emory Anthony, Jr., that he was fully satisfied with the advice Mr. Anthony had provided, and that he understood what the government would need to prove to convict him of each charge. (22-cr-141, Doc. 58, pp. 5, 7–9, 18). Mr. Bell testified that he understood that the plea agreement "call[ed] for a sentence of 200 months." (22-cr-141, Doc. 58, p. 12).

At the end of the plea hearing, the Court accepted Mr. Bell's guilty plea. (2:20-cr-366, Doc. 58, p. 23). The Court found that Mr. Bell "[was] fully competent and capable of entering an informed plea, . . . that [he was] aware of the nature of the charges and consequences of the plea, and that the plea of guilty [was] a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of [the] five offenses." (22-cr-141, Doc. 58, p. 23). On October 20, 2022, the Court sentenced Mr. Bell to a term of imprisonment of 200 months. (Doc. 45, p 2). Mr. Bell did not file a notice of appeal. (22-cr-141, Doc. 63, p. 1).

In January 2023, Mr. Bell asked this Court to reconsider its judgement and appoint an attorney to assist him. (22-cr-141, Docs. 54, 55). Mr. Bell asserted that

---

[1] Judge Abdul Kallon presided over Mr. Bell's change of plea hearing. (Doc. 58, p. 2).

he should not have been convicted under § 923(C)(1)(A) because there was not sufficient evidence that he had possessed a firearm in furtherance of a drug crime. (*See* 22-cr-141, Docs. 54, 55).

On June 2, 2023, Mr. Bell moved this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (22-cr-141, Doc. 63; 2:23-cv-08015, Doc. 1). On July 7, 2023 and August 5, 2024, Mr. Bell amended his § 2255 motion. (2:23-cv-08015, Docs. 4, 6). In his second amended § 2255 motion, Mr. Bell argues that this Court should vacate his sentence because he received ineffective assistance of counsel. (2:23-cv-08015, Doc. 6).

In December 2023, Mr. Bell filed a pro se motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Commission Guidelines and asked the Court to appoint an attorney to assist him with his request for a reduced sentence. (Docs. 64, 65).

III.

To resolve Mr. Bell's § 2255 motion, the Court first addresses Mr. Bell's arguments that his plea was invalid. Then, the Court turns to Mr. Bell's related ineffective assistance of counsel claims.

"[A] defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction" and thus may attack only "the voluntary and knowing nature of the plea." *Shell v. United States*, No. 22-10973,

2023 WL 3338631, at *1 (11th Cir. May 10, 2023) (quoting *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992)). A defendant's statements made during his plea hearing "carry a strong presumption" of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). So "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Mr. Bell's plea hearing testimony provided adequate evidence to support his plea. Before a district court accepts a guilty plea, it must ensure that the plea is supported by evidence "from which [the court] could reasonably find that the defendant was guilty." *United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005) (quoting *United States v. Lopez*, 907 F.2d 1096, 1100 (11th Cir.1990)). Still, "[t]here need not be 'uncontroverted evidence of guilt.'" *United States v. Howard*, No. 23-13871, 2026 WL 45023, at *1 (11th Cir. Jan. 7, 2026) (quoting *United States v. Owen*, 858 F.2d 1514, 1516–17 (11th Cir. 1988)).

Section 924(c)(1)(A) provides that a "person who . . . in furtherance of [a crime of violence or drug trafficking crime] possesses a firearm shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" receive an additional term of imprisonment. 18 U.S.C. § 924(c)(1)(A). To demonstrate that the individual possessed the firearm "in furtherance of" a drug trafficking crime, "the government must establish that a defendant's possession of a

firearm 'helped, furthered, promoted, or advanced' the drug trafficking crime." *United States v. Scott*, No. 23-11306, 2024 WL 34323, at *2 (11th Cir. Jan. 3, 2024) (quoting *United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002)).

Here, Mr. Bell's plea agreement provides that law enforcement officers observed a confidential informant purchase drugs from Mr. Bell in Mr. Bell's vehicle and purchase drugs from an associate of Mr. Bell at the Cotton Avenue residence. (Doc. 39, pp. 5–8). At Mr. Bell's residence, officers found drugs, large amounts of cash, and handguns. (Doc. 39, pp. 9–10, 11–12). At a residence that the officers suspected Mr. Bell used as a stash house, officers found loaded handguns, drugs, and cash. (Doc. 39, pp. 12–13). From this evidence the Court could reasonably conclude that Mr. Bell possessed a firearm in furtherance of drug crimes. Accordingly, Mr. Bell's testimony recognizing these facts as "substantially correct" supports his § 924(c)(1)(A) conviction. (Doc. 58, p. 16).

Moreover, Mr. Bell's plea hearing testimony demonstrates that he entered his plea knowingly and voluntarily. "A plea is voluntary in a constitutional sense if the defendant receives real notice of the charge against him and understands the nature of the constitutional protections he is waiving." *Frye*, 402 F.3d at 1127. Thus, before accepting a guilty plea, a district court must "establish that '(1) the guilty plea [is] free from coercion; (2) the defendant . . . understand[s] the nature of the charges; and (3) the defendant . . . know[s] and understand[s] the consequences of his guilty

plea.'" *Frye*, 402 F.3d at 1127 (quoting *United States v. Mosely*, 173 F.3d 1318, 1322 (11th Cir. 1999)). At his plea hearing, Mr. Bell testified that "no one had promised [him] anything or threatened [him] or coerced [him]" to plead guilty, (Doc. 58, p. 19), that he understood what the government would need to prove to convict him of each charge, (Doc. 58, pp. 7–9, 18), and that he understood the rights he was waiving and the sentence he would face under the plea agreement, (Doc. 58, pp. 5–7, 9–13, 16–17). Therefore, Mr. Bell's plea was voluntary and knowing.

Mr. Bell has not overcome the voluntary and knowing character of his plea by demonstrating that he received ineffective assistance of counsel. To obtain post-conviction relief under Section 2255 on a claim of ineffective assistance of counsel, a petitioner must establish: (1) deficient performance—that his "counsel's representation fell below an objective standard of reasonableness;" and (2) prejudice—but for the deficiency in representation, "a reasonable probability exists that the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 688–96 (1984); *see also Chandler v. United States*, 218 F.3d 1305, 1312–13 (11th Cir. 2000). The petitioner has the burden of establishing both prongs of the *Strickland* analysis. *Chandler*, 218 F.3d at 1315 n. 15.

The performance prong of *Strickland* "requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed

by the Sixth Amendment." *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004). To be unreasonable, the performance must be such that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001). "[E]ven if many reasonable lawyers would not have done as defense counsel did," a court cannot grant relief on ineffectiveness grounds unless the petitioner shows "that no reasonable lawyer, in the circumstances, would have" taken similar action. *Rogers v. Zant,* 13 F.3d 384, 386 (11th Cir. 1994). The prejudice prong of Strickland "requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." *Butcher*, 368 F.3d at 1293. In the guilty-plea context, a petitioner must establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Similarly, in the sentencing context, a petitioner must establish a reasonable probability that, but for counsel's deficient performance, the result of the sentencing proceeding would have been different. *Glover v. United States*, 531 U.S. 198, 203–04 (2001).

Here, Mr. Bell has not demonstrated that Mr. Anthony's conduct fell "outside the wide range of reasonable professional assistance." *Butcher*, 368 F.3d at 1293. Mr. Bell contends that Mr. Anthony was ineffective because he advised Mr. Bell to plead guilty without "explain[ing] the elements of the §924(c)(1)(A) offense or the

'in the furtherance' definition," because he did not move to suppress the handguns, because he did not move to dismiss the § 924(c)(1)(A) charge, and because he did not argue at Mr. Bell's sentencing hearing that 18 U.S.C. § 3553(a)'s sentencing factors supported a lesser sentence. (2:23-cv-08015, Doc. 6, pp. 2–3).

Mr. Anthony was not ineffective for advising Mr. Bell to enter a guilty plea and not filing a motion to dismiss. As discussed, during Mr. Bell's change of plea hearing, the Court explained what the government would need to prove to convict Mr. Bell under 924(c), and Mr. Bell testified that the facts in his plea agreement were true, that he understood the rights he was waiving, and that he understood that, if the Court accepted his plea, he would be sentenced to 200 months of incarceration. (*See* 22-cr-141, Doc. 58, pp. 5, 7–9, 12, 16, 18).[2] Thus Mr. Bell's plea was "supported by a factual basis" and "knowingly and voluntarily entered," so Mr. Anthony did not act beyond the scope of a reasonable attorney when he choose not to challenge the indictment and advised Mr. Bell to enter a guilty plea. *See Swindle v. United States*, No. 17-15234-E, 2018 WL 6324758, at *1 (11th Cir. May 10, 2018) (citing *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Even if Mr. Anthony's alleged failure to explain the elements of § 924(c) and argue that Mr. Bell was innocent was unreasonable, Mr. Bell has not demonstrated that these failures prejudiced him

[2] The guideline range for Counts 1, 2, 3, and 4 was 168 months to 210 months with a mandatory 60-month sentence for Count 5. (22-cr-151, Doc. 44, p. 21, ¶ 86). Thus, the 200-month sentence is below the guideline range.

because, before Mr. Bell entered his plea, Mr. Bell testified that the facts contained in his plea agreement were substantially true, the Court explained to Mr. Bell what the government would have to prove to convict him under § 924(c), and the Court determined that the facts in the plea agreement were sufficient to support Mr. Bell's guilty plea.

Mr. Anthony was not ineffective for not filing a motion to suppress the evidence regarding firearms. Because Mr. Bell has not identified a legal basis to exclude the firearms, he cannot show that Mr. Anthony unreasonably chose not to file a motion to suppress them. *See Smith v. United States*, No. 16-14111-E, 2017 WL 2819723, at *3 (11th Cir. Jan. 9, 2017) (finding that counsel was not ineffective for failing to file a motion to suppress that would not have succeeded) (citing *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001)) (noting that counsel is not ineffective for failing to raise non-meritorious objections).

Mr. Anthony was not ineffective for failing to argue that Mr. Bell should receive a lower sentence under the 18 U.S.C. § 3553(a) factors. Mr. Bell entered into a binding plea agreement that included a binding 200-month sentence. (*See* Doc. 32, pp. 14–15). Thus, pursuant to Rule 11(c) of the Federal Rules of Criminal procedure, the Court had to impose the 200-month sentence if the Court accepted the plea agreement. *See Hughes v. United States*, 584 U.S. 675, 682 (2018); Fed. R. Crim. P. 11(c). Under these circumstances, Mr. Anthony did not act unreasonably

when he refrained from arguing that Mr. Bell should receive a lower sentence than that provided for by his binding plea agreement. Additionally, Mr. Bell has not demonstrated that he was prejudiced by Mr. Anthony's decision not to argue for a lower sentence based on the § 3553 factors because there is no evidence that, had Mr. Anthony argued for a lower sentence based on these factors, the Court would have rejected the parties' plea agreement and imposed a lesser sentence.

Because Mr. Bell has not demonstrated that his plea was involuntary or unknowing and has not demonstrated that he received ineffective assistance of counsel, the Court will deny Mr. Bell's § 2255 motion.

***

Mr. Bell has asked the Court to reduce his sentence pursuant to the United States Sentencing Guidelines' Amendment 821. (22-cr-141, Docs. 64, 65). Under 18 U.S.C. § 3582(c)(2), a district court may "modify a defendant's term of imprisonment if he was sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Baker*, No. 24-11144, 2024 WL 4851218, at *1 (11th Cir. Nov. 21, 2024); 18 U.S.C. § 3582(c)(2). "If a defendant is eligible for a sentence reduction under § 3582(c)(2)," then the district court "must consider the 18 U.S.C. § 3553(a) factors to determine whether such a reduction is warranted." *Baker*, WL 4851218, at *1

(citing 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(b); *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

"In November of 2023, Amendment 821 to the Sentencing Guidelines went into effect." *United States v. Marc*, No. 25-10456, 2025 WL 2544034, at *2 (11th Cir. Sept. 4, 2025); *see* U.S. Sentencing Commission, Adopted Amendments (Effective November 1, 2023). Through Amendment 821, the Sentencing Commission adopted §4C1.1, which adjusts the sentence for certain zero-point offenders. *See* U.S. Sentencing Commission, Adopted Amendments (effective November 1, 2023), Amendment 821, Part B. Under § 4C1.1 a defendant qualifies for a reduced offense level if:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A:
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S. Sentencing Commission Guidelines § 4C1.1(a). Amendment 821 is covered by the policy statement in U.S.S.G. § 1B1.10(d) and, therefore, applies retroactively. U.S.S.G. § 1B1.10(a), (d).

Here, Mr. Bell does not qualify for a reduced offense level under §4C1.1 because he was convicted of possessing a handgun in furtherance of his drug trafficking crimes. *See* §4C1.1(a)(7).

IV.

For these reasons, the Court denies Mr. Bell's § 2255 and § 3582(c)(2) motions. (22-cr-141, Docs. 63, 65; 2:23-cv-08015, Doc. 1). By separate order, the Court will enter judgment for the government on Mr. Bell's § 2255 petition. The Clerk of Court shall please TERM Docs. 54, 55, 63, 64, and 65 in Case 2:22-cr-141-MHH-GMB.

**DONE** and **ORDERED** this September 30, 2026.

Madeline H. Haikala

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE